UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN MARIE MORGAN,<br><br>        Plaintiff,<br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | No. SA CV16-00305 (AS)<br><br>**MEMORANDUM OPINION AND ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**I. PROCEEDINGS**

On December 4, 2015, Plaintiff Kathryn Marie Morgan ("Plaintiff") filed a Complaint seeking review of the Commissioner's denial of Plaintiff's application for a period of disability and

1 disability insurance benefits ("DIB"). (Docket Entry No 1). On
2 June 24, 2016, Defendant filed an Answer to the Complaint and the
3 Certified Administrative Record ("AR"). (Docket Entry Nos. 13, 14).
4 The parties have consented to proceed before a United States
5 Magistrate Judge. (Docket Entry Nos. 9, 10). The parties filed a
6 Joint Stipulation ("Joint Stip.") on August 31, 2016, setting forth
7 their respective positions on Plaintiff's claims. (Docket Entry No.
8 15).

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff, formerly employed as a customer service clerk and office manager (AR 28), asserts disability beginning June 1, 2009, based on the alleged mental and physical impairments of fibromyalgia and spinal impairments. (Joint Stip. 3). On April 17, 2012, an Administrative Law Judge, Milan M. Dostal ("ALJ Dostal"), examined the record and heard testimony from Plaintiff and a vocational expert. (A.R. 123-43). On May 24, 2012, ALJ Dostal denied Plaintiff benefits in a written decision. (AR 173-81). Plaintiff sought review by the Appeals Council, and it vacated and remanded ALJ Dostal's decision on August 12, 2013. (AR 186-90). A second hearing was held before Administrative Law Judge Joseph P. Lisiecki III ("ALJ") on January 16, 2014. (AR 144-67). On March 19, 2014, the ALJ denied Plaintiff benefits in a written decision. (A.R. 15-35). The Appeals Council denied Plaintiff's request to set aside the ALJ's decision on December 22, 2015. (AR 1-6).

The ALJ applied the five-step process in evaluating Plaintiff's case. (AR 19-30). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after the alleged onset date. (AR 21). At step two, the ALJ found that Plaintiff has the severe impairments of lumbar spine degenerative disc disease, status post fusion and status post hardware removal, fibromyalgia, and depression. (AR 21). At step three, the ALJ found that Plaintiff's impairments did not meet or equal a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 21-22).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[1] to perform sedentary work in that she can do "sedentary lifting," sit for 6 hours in an 8-hour workday, and stand and walk 2 hours total in an 8-hour workday. (A.R. 24). In making this finding, the ALJ determined that "in spite of" damage to Plaintiff's lumbar spine, Plaintiff "continues to have full motor strength in the lower extremities, intact sensation, generally normal range of motion, and generally normal and equal reflexes," which would normally place plaintiff's lifting capacity at a light range, but the ALJ reduced Plaintiff's lifting capacity to sedentary limitations because of the pain symptoms from Plaintiff's fibromyalgia. (AR 25). The ALJ then determined that Plaintiff can sit for 6 hours in an 8-hour workday because "of the lack of problems with [Plaintiff's] lower extremities that would necessitate a lessened sitting capacity," and

---

[1] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

found that Plaintiff is able to engage in limited postural movements, such as stooping, bending, and kneeling, and precluded from climbing ladders, ropes, and scaffold because of "her lumbar spine impairment." (Id.).

In making this finding, the ALJ considered the opinions of state-agency medical consultants Kenneth Glass, M.D. and H. Han, M.D. (AR 26). Both consultants found that Plaintiff could sit for 6 hours in an 8-hour workday and occasionally engage in kneeling, bending, and stooping. (AR 452-58, 516-17). The ALJ agreed with these assessments and incorporated these limitations in the RFC determination. (See AR 25-26). The consultants also found that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently and stand and walk for 4 hours in an 8-hour workday. (AR 452-58, 516-17). The ALJ gave "less weight" to these assessments, finding that the consultants did not "sufficiently account for [Plaintiff's] fibromyalgia syndrome symptoms." (Id.).

The ALJ rejected favorable opinion evidence from Plaintiff's treating physician, Dr. Zepeda. (AR 26-27). Dr. Zepeda filled out functional capacity questionnaires in February 2011, October 2011, and December 2013 regarding Plaintiff's physical limitations. (AR 387, 531-35, 712-17). Dr. Zepeda limited Plaintiff to 2-3 hours of sitting in an 8-hour workday; 1-2 hours of standing and walking in an 8-hour workday; lifting and carrying less than 10 pounds occasionally; precluded Plaintiff from kneeling, bending, and stooping (AR 387, 532, 715), and surmised that Plaintiff would miss

three or more days of work per month because of her impairments. (AR 535, 716). The ALJ implicitly rejected Dr. Zepeda's opinion on Plaintiff's sitting and posterior limitations in favor of the assessments of Dr. Glass and Dr. Han. (See AR 25-27).

The ALJ justified giving "little weight to all of [Dr. Zepeda's] opinions" finding that they were partially based on the "unsubstantiated" diagnoses of chronic pain syndrome and lumbar canal stenosis. (AR 27). The ALJ rejected Dr. Zepeda's chronic pain syndrome diagnosis because he found no objective records supporting the diagnosis. (AR 28). The ALJ also rejected lumbar canal stenosis as a diagnosis because Plaintiff's most recent magnetic resonance scan ("MRI") did not mention canal stenosis, despite Dr. Zepeda's much reported diagnosis of canal syndrome. (AR 28). Thus, the ALJ determined that Dr. Zepeda's diagnoses "were not supported by the full medical evidence of record as they are primarily based on [Plaintiff's] subjective complaints." (Id.).

The only other medical opinion evidence assigned weight by the ALJ was the hearing testimony given by Dr. Erc Schmitter, an orthopedic surgeon. (AR 26). The ALJ gave the assessment "less weight," finding that Dr. Schmitter could not account for the effects of fibromyalgia because it was "outside his area of specialty as an orthopedist." (Id.).

At step four, the ALJ determined that Plaintiff was not able to perform her past relevant work. (AR 28-29). At step five, the

ALJ found Plaintiff was able to perform jobs consistent with her age, education, and medical limitations existing in significant numbers in the national economy. (AR 29-30). In particular, Plaintiff could perform the requirements of an assembler (Dictionary of Occupational Titles ("DOT") No. 734.687-018) and table worker, visual inspection (DOT 739.687-182). (AR 29-30). Thus, the ALJ found that Plaintiff was not disabled. (AR 30).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 1). The request was denied on December 22, 2015. (AR 1-5). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

### III. STANDARD OF REVIEW

This court reviews the Administration's decision to determine if the decision is free of legal error and supported by substantial evidence. See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001). As a result, "[i]f the evidence can reasonably support either affirming or reversing

the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

### IV. PLAINTIFF'S CONTENTIONS

Plaintiff contends that the ALJ (1) failed to properly consider the medical evidence contained in the opinions of her treating pain management physician in assessing her residual functional capacity; and (2) committed harmful error in finding Plaintiff's subjective complaints not credible. (Joint Stip. 5-15, 22-25).

### V. DISCUSSION

After reviewing the record, the Court finds that the ALJ's RFC determination failed to properly account for the combined effects of all of Plaintiff's impairments and consider Dr. Zepeda's opinion and related diagnoses of chronic pain syndrome and lumbar canal stenosis. The Court therefore remands for further consideration.

**A. The ALJ Erred In Failing To Assess The Opinion Of Plaintiff's Treating Physician In Determining Plaintiff's RFC.**

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate

determination of disability. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Magallanes v. Bowen, 812 F.2d 747, 751 (9th Cir. 1989). The weight given to a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 416.927(b)-(d); Social Security Ruling ("SSR") 96-2p. To reject the uncontradicted opinion of a treating physician, the ALJ must give "clear and convincing reasons that are supported by substantial evidence." Ghanim v. Colvin, 763 F.3d 1154, 1160-61 (9th Cir. 2014) (quoting Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)). If the treating doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the treating physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998).

Plaintiff asserts that the ALJ did not provide clear and convincing reasons[2] for rejecting the opinion of Dr. Zepeda, Plaintiff's pain management physician, regarding his diagnosis of lumbar canal stenosis and chronic pain syndrome. (Joint Stip. 5-15). Specifically, Plaintiff contends that the ALJ improperly concluded that there is no objective finding of lumbar stenosis,

---

[2] Plaintiff argues that Dr. Zepeda's opinion was uncrontradicted by other physicians' opinions, but, as discussed in Part V.A infra, Dr. Zepeda's opinion was contradicted by two non-examining medical consultants, which alters the standard of review to "specific and legitimate," rather than "clear and convincing" reasons. Compare Ghanim, 763 F.3d at 1160-61; with Orn, 495 F.3d at 632.

despite a 2009 MRI and x-rays showing lumbar canal stenosis and a 2012 MRI showing lumbar foraminal stenosis. Further, the ALJ made an "unsubstantiated presumption" in finding "a meaningful distinction between the symptoms and limitations that would flow from neural foraminal stenosis versus canal stenosis." (Joint Stip. 12).

Defendant argues that the ALJ properly rejected the opinion of Dr. Zepeda because Plaintiff's treatment records were based entirely on Plaintiff's subjective complaints and also contradicted the functional limitations assessed by Dr. Zepeda. (Joint Stip. 20).

In rejecting Dr. Zepeda's opinions, the ALJ implicitly relied on the opinions of Dr. Glass and Dr. Han, non-examining medical consultants. "The opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." See Lester, 81 F.3d 821 (9th Cir. 1995); Pitzer v. Sullivan, 908 F.2d 502, 506 n. 4 (9th Cir. 1990); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). An ALJ must still provide specific and legitimate reasons, in addition to the contradicting opinion of a non-examining medical professional, in order to support his rejection of a treating physician's opinion. See, e.g., Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602-03 (9th Cir. 1999) (citing Magallanes, 881 F.2d at 751–55); Andrews, 53 F.3d 1035, 1043 (9th Cir. 1995); Roberts v. Shalala, 66 F.3d 179 (9th Cir. 1995).

Here, the ALJ rejected the chronic pain syndrome diagnosis of Dr. Zepeda. In justifying his conclusion, the ALJ merely stated that the diagnosis was "not supported by objective records." (AR 27). The ALJ cannot, however, state in conclusory terms that a treating physician's opinion is objectively unfounded. Instead, the ALJ must cite to the record to support the assertion that the opinion of a treating physician is not supported by objective medical evidence. <u>Reddick</u>, 157 F.3d at 725. ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors, are correct."). By failing to provide specific and legitimate reasons to reject Dr. Zepeda's chronic pain syndrome, the ALJ has "prevented the parties and the court from being able to analyze his reasoning." <u>Vera v. Colvin</u>, No. 2:14-CV-2616-CKD, 2015 WL 7271750, at *6 (E.D. Cal. Nov. 18, 2015). Accordingly, the ALJ erred in rejecting Dr. Zepeda's chronic pain syndrome diagnosis without providing further justification.

The ALJ also failed to give specific and legitimate reasons for discounting Dr. Zepeda's canal lumbar stenosis diagnosis and related functional limitations. The ALJ rejected Dr. Zepeda's diagnosis because the 2012 MRI did "not mention canal stenosis at any level." (AR 27). Yet the same MRI showed evidence of foraminal stenosis, a similar form of spinal stenosis with similar symptoms and limitations.[3] (AR 554; Joint Stip. 12). Indeed, courts have not made a meaningful distinction between canal and foraminal stenosis,

---

[3] The ALJ did not mention the presence of foraminal stenosis in his explanation for rejecting Dr. Zepeda's diagnosis. (AR 27, 554).

instead opting for the term "spinal stenosis" to refer to canal stenosis, foraminal stenosis, and spondylosis. See, e.g., Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1158 (9th Cir. 2008); Iatridis v. Astrue, 501 F. Supp. 2d 1267, 1274 (C.D. Cal. 2007); Lawson v. Massanari, 231 F. Supp. 2d 986, 990 n.4 (D. Or. 2001) (citing Dorland's Illustrated Medical Dictionary 1404, 1564, 1576 (28th ed.1994) ("Spinal stenosis is narrowing of the spinal canal caused by encroachment of bone into the space around the spinal cord.  Foraminal narrowing is stenosis specific to the intervertebral opening.  Lumbar spondylosis is a degenerative joint disease affecting the vertebrae and intervertebral discs and can cause stenosis and nerve root compression. Its symptoms are pain, stiffness, and sciatic radiation.")). Similarly, Dr. Lin, Plaintiff's orthopedic surgeon did not distinguish between the two labels, diagnosing Plaintiff with "mild L4-5 stenosis." (AR 401). Accordingly, the ALJ improperly correlated a narrowly labeled diagnosis as objective evidence of no diagnosis.

The ALJ's conclusion would have been supported by the record, if Plaintiff was asymptomatic or discontinued treatment.  However, Plaintiff continued treatment, with epidural injections and pain medications; presented with a wide gait; and repeatedly showed signs of pain upon palpation of the thoracic and lumbar facets, lumbar intervertebral spaces, and bilateral sacroiliac joints, with positive facet loading to "left>right;" and "palpable trigger points in muscles of the low back."  (AR 559, 562-62, 565, 641).  Thus, the ALJ erred in giving little weight to Dr. Zepeda's opinions on

Plaintiff's limitation from lumbar canal stenosis in the RFC determination.

Moreover, the opinion of Dr. Zepeda aligns with the diagnosis and examinations done by Dr. Lin, Plaintiff's orthopedic surgeon. The ALJ ignored Dr. Lin's conferring diagnosis and examinations, despite their probative value. Godbey v. Apfel, 238 F.3d 803 (7th Cir. 2000) (evidence that does not support the decision may not be ignored, especially when the evidence is probative). During examination, Plaintiff displayed abnormal lumbosacral spine flexion and extension. (AR 415-16). Her condition did not improve past Plaintiff's date last insured. In 2013, Dr. Lin reviewed x-rays that showed moderate spondylosis, recommending removal of patient's hardware to improve her pain. (AR 699). Dr. Lin's diagnosis should be viewed as giving weight to Dr. Zepeda's opinion that Plaintiff continued to suffer from lumbar spine limitations past Patient's 2012 MRI. See Lester, 81 F.3d at 832 (A similarity of conclusions between doctors provides reason to credit the opinions of both doctors as opposed to reject).

**B. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully

developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). Nonetheless, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Here, the Court remands because the ALJ failed to provide specific and legitimate reasons to give little weight to Dr. Zepeda's opinions on Plaintiff's functional limitations relating to Plaintiff's chronic pain syndrome and canal lumbar stenosis diagnoses. The record does not establish that the ALJ would necessarily be required to find Plaintiff disabled if Dr. Zepeda's opinions were properly considered in the RFC assessment. Remand is therefore appropriate.[4]

---

[4] In addition to the issues addressed in this order, the ALJ should consider on remand any other issues raised by Plaintiff, if necessary. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claim that the ALJ erred in failing to find Plaintiff not fully credible (see Joint Stip. at 22-26). Because this matter is being remanded for further consideration, these issues should also be considered on remand.

**VI. CONCLUSION**

For the foregoing reasons, the decision of the Administrative Law Judge is VACATED, and the matter is REMANDED, without benefits, for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 3, 2016

```
              /s/
         ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
```